1  LESLIE H. HELMER, CA Bar No. 150296
   leslie.helmer@ogletree.com
2  JULIE GLADSTONE, CA Bar No. 326858
   Julie.gladstone@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
5  Telephone:  213.239.9800
   Facsimile:   213.239.9045
6
   Attorneys for Defendants
7  WALGREEN CO. and WALGREEN PHARMACY
   SERVICES MIDWEST, LLC
8

9                   **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11 | CAROLINA SANDOVAL, | Case No. 2:20-CV-01842 |
|---|---|
12 | Plaintiff, | **NOTICE OF REMOVAL OF DEFENDANTS WALGREEN CO. AND WALGREEN PHARMACY SERVICES MIDWEST, LLC PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |
13 | v. | |
14 | WALGREEN CO; WALGREEN PHARMACY SERVICES MIDWEST, LLC; and DOES 1 to 50, inclusive, | |
15 | | **[DIVERSITY OF CITIZENSHIP]** |
16 | Defendants. | [Filed concurrently with Civil Cover Sheet; Notice of Related Cases; Notice of Interested Parties; Disclosure Statement; Declaration of Joseph B. Amsbary, Jr. in Support of Removal; and Declaration of Alicia Musgrove in Support of Removal.] |

Complaint Filed:  January 22, 2020
Trial Date:         None
District Judge:    _____
Magistrate Judge: _____

41858997_2.docx

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF CAROLINA SANDOVAL, AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1332, 1441(a) and (b), and 1446, Defendants Walgreen Co. ("Walgreens") and Walgreen Pharmacy Services Midwest, LLC ("Walgreen Pharmacy") (collectively, "Defendants") remove the above-referenced action from the Superior Court of the State of California, for the County of Los Angeles, Case No. 20STCV02761, to the United States District Court, for the Central District of California, Western Division. Federal jurisdiction of this action is proper on the basis of diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(b).  Removal is based on the following grounds:

**Timeliness of Removal**

1.      On January 22, 2020, Plaintiff Carolina Sandoval ("Plaintiff") filed a Complaint in the Los Angeles County Superior Court against Defendants, styled *Carolina Sandoval, Plaintiff v. Walgreen Co., an Illinois corporation, Walgreen Pharmacy Services Midwest, LLC, an Illinois limited liability company and DOES 1-50, inclusive, Defendants*; Case No. 20STCV02761 (the "State Action").  A true and correct copy of the Complaint served on Defendants on January 28, 2020 is attached to this Notice as **Exhibit 1**.  A true and correct copy of the Summons is attached to this Notice as **Exhibit 2**.  A true and correct copy of the Civil Case Cover Sheet is attached to this Notice as **Exhibit 3**.  A true and correct copy of the Notice of Case Assignment is attached to this Notice as **Exhibit 4**. A true and correct copy of the Stipulation information is attached to this Notice as **Exhibit 5**.   A true and correct copy of the Alternative Dispute Resolution information is attached to this Notice as **Exhibit 6**.  A true and correct copy of the First Amended General Order is attached to this Notice as **Exhibit 7**. A true and correct copy of the Notice of Service of Process for Walgreens is attached to this Notice as **Exhibit 8**.  A true and correct copy of the Notice of Service of Process for Walgreen Pharmacy is attached to this

1

41858997_2.docx

1   Notice as **Exhibit 9**.

2        2.    The Complaint alleges claims for:  (1) Disability Discrimination In

3   Violation of Cal. Gov't Code § 12940(A); (2) Perceived Disability Discrimination In

4   Violation of Cal. Gov't Code § 12940(A); (3) Retaliation In Violation Of Cal. Gov't

5   Code §§ 12940 Et Seq. (4) CFRA Rights Retaliation; (5) Failure To Prevent

6   Discrimination; (6) Wrongful Termination In Violation Of Public Policy; and (7)

7   Declaratory Relief (Ex. 1, Compl. ¶¶ 1-69.)

8        3.    Plaintiff served Walgreens with the Summons and Complaint on

9   January 28, 2020.  (Ex. 8, Notice of Service of Process.)  Plaintiff served Walgreen

10   Pharmacy with the Summons and Complaint on January 28, 2020.  (Ex. 9, Notice of

11   Service of Process.) Walgreens and Walgreen Pharmacy filed and served their

12   Answer to the Complaint in Los Angeles County Superior Court on February 20,

13   2020.  A true and correct copy of the Answer is attached as **Exhibit 10**.

14        4.    Exhibits 1 through 10 to this Notice of Removal constitute all pleadings,

15   process and orders served in this action at the time of removal.

16        5.    This Notice is timely as it is filed within 30 days of the service of the

17   Summons and Complaint on Defendants.  *See* 28 U.S.C. § 1446(b).

18        6.    The Complaint also names as defendants "DOES 1-50."  Defendants are

19   informed and believe and on that basis allege that none of the fictitiously-named

20   defendants have been served with a copy of the Summons and Complaint.

21   Therefore, the fictitiously-named defendants are not parties to the above-captioned

22   action and need not consent to removal.  *See* 28 U.S.C. § 1441(b)(1); *Fristoe v.*

23   *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need

24   not be joined in a removal petition).

25                          **Diversity Jurisdiction Lies Over This Action**

26        7.    This is a civil action of which this Court has original diversity

27   jurisdiction under 28 U.S.C. section 1332, and is properly removable pursuant to the

28   provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which

Case No. 2:20-CV-01842

NOTICE OF REMOVAL OF DEFENDANTS PURSUANT  TO 28 U.S.C. §§ 1332, 1441, 1446

41858997_2.docx

1  the amount in controversy exceeds the sum of $75,000, exclusive of costs and

2  interest, and is between citizens of different states, as set forth below.

3  **Complete Diversity Of Citizenship Exists Between Plaintiff And Defendants**

4       8.    <u>Plaintiff's Citizenship</u>.  Complete diversity of citizenship exists in this

5  action.  For diversity purposes, the citizenship of a natural person is determined by

6  his/her state of domicile.  *Kanter v. Warner-Lambert* Co., 265 F.3d 853, 857 (9th

7  Cir. 2001).  Plaintiff is a citizen of the State of California (Exhibit 1, Complaint ¶1.)

8       9.    <u>Walgreens' Citizenship</u>.  Pursuant to 28 U.S.C. section 1332(c), "a

9  corporation shall be deemed to be a citizen of every State and foreign state by which

10 it has been incorporated and of the State or foreign state where it has its principal

11 place of business."  *See* 28 U.S.C. § 1332(c).  For the reasons set forth below,

12 Walgreens is not now, and was not at the time of the filing of the State Action, a

13 citizen of the State of California.  (**Ex. 11**, Joseph B. Amsbary Decl. ¶¶ 2,3.)

14      10.    Walgreens is now, and ever since this action commenced, has been

15 incorporated under the laws of the State of Illinois, with its principal place of

16 business in Illinois.  (Ex. 11, Joseph B. Amsbary Decl. ¶ 3.)  Under the "nerve center

17 test," a principal place of business refers to "the place where a corporation's officers

18 direct, control, and coordinate the corporation's activities."  *See Hertz Corp. v.*

19 *Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" means "the place

20 where a corporation's officers direct, control, and coordinate the corporation's

21 activities.").  Because Walgreens' corporate headquarters and executive offices are

22 located in Deerfield, Illinois where its high level officers direct, control, and

23 coordinate the Company's activities, Walgreens' principal place of business or

24 "nerve center" is in Deerfield, Illinois. (Ex. 11, Joseph B. Amsbary Decl. ¶ 3.)

25 Accordingly, Walgreens is, and has been at all times since this action commenced, a

26 citizen of the State of Illinois.  As a result, Walgreens is not now, and was not at the

27 time of the filing of the State Action, a citizen of the State of California for removal

28 purposes.

NOTICE OF REMOVAL OF DEFENDANTS PURSUANT  TO 28 U.S.C. §§ 1332, 1441, 1446

41858997_2.docx

11.     <u>Walgreen Pharmacy's Citizenship</u>.  For purposes of removal, Walgreen Pharmacy is now, and ever since this action commenced, has been formed under the laws of the State of Illinois, with its principal place of business in Illinois.  (Ex. 11, Joseph B. Amsbary Decl. ¶ 4.)  Because Walgreen Pharmacy's headquarters and executive offices are located in Deerfield, Illinois where its high level officers direct, control, and coordinate the Company's activities, Walgreen Pharmacy's principal place of business or "nerve center" is in Deerfield, Illinois.  (Ex. 11, Joseph B. Amsbary Decl. ¶ 5.)  Accordingly, Walgreen Pharmacy is, and has been at all times since this action commenced, a citizen of the State of Illinois.  As a result, Walgreen Pharmacy is not now, and was not at the time of the filing of the State Action, a citizen of the State of California for removal purposes.

12.     <u>Does' Citizenship</u>.  Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered).  Thus, the existence of Doe Defendants 1-50, does not deprive this Court of jurisdiction.

13.     Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

### The Alleged Amount In Controversy Exceeds $75,000

14.     While Defendants deny any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000.  Plaintiff alleges, *inter alia*, that during her employment as a licensed Pharmacy Technician, Walgreens discriminated and retaliated against her on the basis of her alleged disability and/or perceived disability, retaliated against her in connection with her alleged request for leave, failed to prevent discrimination, and wrongfully terminated her employment. (Ex. 1, Compl., ¶ 18-60.)

41858997_2.docx

15.    To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in this Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dis. LEXIS 31515, *7 (E.D. Cal., April 30, 2007).  Defendants need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007).  Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

16.    The amount in controversy is determined from the allegations or prayer of the complaint.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not show bad faith or out court of jurisdiction).  If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

17.    Plaintiff alleges the wrongful termination occurred on or about March 24, 2019.  (Ex. 1, Compl., ¶ 15.)  Plaintiff claims she "has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial." She also alleges that she suffered and continues to suffer loss of earnings. (Ex. 1, Compl., ¶¶ 23, 51, 59.)  She further alleges that she suffered "the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial." (Ex. 1, Compl., ¶¶ 30, 36, 44.).

18.     At the time of Plaintiff's termination, Plaintiff's annual salary, even without overtime pay, was approximately $32,000.00 (*i.e.*, $15.50 per hour). (**Exhibit 12**, Declaration of Alicia Musgrove, ¶ 2.)

19.     Plaintiff claims she has suffered will continue to suffer pain and suffering, mental anguish, emotional distress.  (Ex. 1, Compl. ¶¶ 23, 51, 59.) Although Defendants deny any liability to Plaintiff for pain and suffering, mental anguish, and emotional distress, these alleged damages must be included when calculating the amount in controversy.  *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy").

20.     Plaintiff seeks attorneys' fees.  (Ex. 1, Compl., ¶¶ 25, 32, 38, 46, 53, Prayer on 1st-7th Causes of Action, ¶ 5.)  Although Defendants deny any liability to Plaintiff for attorneys' fees, claims for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

21.     Plaintiff claims she is entitled to punitive damages.  (Ex. 1, Compl. ¶¶ 24, 33, 39, 52, 60, Prayer ¶ 4.)  Although Defendants deny any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs.'").

22.     Based upon the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

23.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed

41858997_2.docx

1    to this Court by Defendants pursuant to 28 U.S.C. section 1441 based on diversity

2    jurisdiction.

3                                **Pleadings And Process**

4            24.    <u>Parties</u>:  Defendants bring this Notice of Removal on its own behalf.

5            25.    <u>Pleadings</u>:  On February 20, 2020, Defendants filed an Answer in the

6    State Action.  (*See* Ex. 10.)

7            26.    <u>Proper Court</u>:  Removal to this Court is proper under 28 U.S.C.

8    section 1441(a) because the Superior Court of California, in and for the County of

9    Los Angeles, is geographically located within this Court's district and division.

10           27.    <u>Notice</u>:  Defendants are serving a copy of this Notice of Removal on all

11   adverse parties and filing a copy with the clerk of the state court pursuant to

12   28 U.S.C. § 1446(d).  A true and correct copy of the Notice to Adverse Parties and

13   State Court of Removal, without exhibit, is attached to this Notice as **Exhibit 13**.

14           28.    <u>Signature</u>:  This Notice of Removal is signed pursuant to Rule 11 of the

15   Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

16           29.    By removing on the basis of diversity jurisdiction, Defendants do not

17   concede or make any admissions relating to the merit and/or value of Plaintiff's

18   allegations, claims or damages.  Defendants deny the material allegations contained

19   in the Complaint, generally and specifically.

20           WHEREFORE, Defendants respectfully request that the State Action be

21   removed from the state court in which it was filed to the United States District Court,

22   in and for the Central District of California, and further requests that this Honorable

23   Court issue all necessary orders and process and grant such other and further relief as

24   in law and justice that Defendants may be entitled to receive.

25

26

27

28

41858997_2.docx                   NOTICE OF REMOVAL OF DEFENDANTS PURSUANT  TO 28 U.S.C. §§ 1332, 1441, 1446

DATED: February 26, 2020
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Leslie H. Helmer
Leslie H. Helmer
Julie Gladstone

Attorneys for Defendants
WALGREEN CO. and WALGREEN PHARMACY SERVICES MIDWEST, LLC

41858997.2

NOTICE OF REMOVAL OF DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

41858997_2.docx