Case 2:20-cv-01842-JAK-RAO   Document 1-1   Filed 02/26/20   Page 1 of 14   Page ID #:10
Electronically FILED by Superior Court of California, County of Los Angeles on 01/22/2020 11:56 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
20STCV02761

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

HURWITZ, ORIHUELA & HAYES, LLP
Douglas B. Hayes (Bar No. 232709)
   dbh@hohlawyers.com
Cory H. Hurwitz (Bar No. 222026)
   chh@hohlawyers.com
5757 Wilshire Blvd. #503
Los Angeles, CA 90036
Telephone: (323) 965-2103
Facsimile: (323) 965-2146

Attorneys for Plaintiff Carolina Sandoval

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

| | |
|---|---|
| CAROLINA SANDOVAL,<br><br>    Plaintiff,<br><br>v.<br><br>WALGREEN CO.; WALGREEN PHARMACY SERVICES MIDWEST, LLC; and Does 1 to 50, inclusive,<br><br>    Defendants. | Case No. 20STCV02761<br><br>**COMPLAINT FOR**<br><br>1. DISABILITY DISCRIMINATION IN VIOLATION OF CAL. GOV'T CODE § 12940(A);<br>2. PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF CAL. GOV'T CODE § 12940(A);<br>3. RETALIATION IN VIOLATION OF CAL. GOV'T CODE §§ 12940 ET SEQ.<br>4. CFRA RIGHTS RETALIATION;<br>5. FAILURE TO PREVENT DISCRIMINATION;<br>6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and<br>7. DECLARATORY RELIEF;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carolina Sandoval ("Plaintiff") hereby brings her complaint against the above-named Defendants and states and alleges as follows:

1
**COMPLAINT**

## PRELIMINARY ALLEGATIONS

1. Plaintiff was at all times material herein, a resident of the County of Los Angeles, State of California. Plaintiff was employed by Defendants in the County of Los Angeles.

2. Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, Defendant WALGREEN CO. ("Defendant" or " WALGREENS") was and is a Illinois corporation doing business in the State of California, County of Los Angeles. Plaintiff is informed and believes that Defendant is an "employer" as defined by California Government Code sections 12926(d), 12940(a), and 12940(j)(4)(A).

3. Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, Defendant WALGREEN PHARMACY SERVICES MIDWEST, LLC ("Defendant" or " WALGREEN PHARMACY") was and is a Illinois limited liability company doing business in the State of California, County of Los Angeles. Plaintiff is informed and believes that Defendant is an "employer" as defined by California Government Code sections 12926(d), 12940(a), and 12940(j)(4)(A).

4. The true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a Doe is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will ask leave of court to amend this complaint to show their names and capacities when the same have been ascertained.

5. At all times relevant herein, each Defendant designated, including Does 1 to 50, herein was the agent, partner, joint venturer, representative, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

## FACTUAL ALLEGATIONS

6.   Plaintiff was a licensed Pharmacy Technician at the Walgreens pharmacy in Canoga Park, California. Plaintiff originally worked for Defendants from February 2018 through November 2018, when she voluntarily resigned. Defendants rehired Plaintiff in or about February 2019. Plaintiff started part-time, then was made full-time. She reported to Thaden, the Store Manager.

7.   A few months into Plaintiff's employment, on or around March 31, 2019, she experienced chest pains and shortness of breath while at work; she went to an Urgent Care facility. Plaintiff received a doctor's note excusing her from work for the day and presented the note to Defendants.

8.   These same medical problems would re-occur from time to time and without warning. Because of these medical issues Plaintiff would have to call out from work and go the emergency room / Urgent Care / her doctor's office (depending on the severity). Plaintiff was referred to several specialists for her ongoing medical condition and ultimately diagnosed with a hiatal hernia.

9.   Every time Plaintiff would be absent (even with a doctor's note), Thaden would tell her: "We don't accept doctor's notes. Your absence is *still* unexcused."

10.   Plaintiff missed work on or around April 9, April 12 and April 18, 2019. Each time, Plaintiff made sure to contact Defendants letting them know she was going to be absent due to a medical condition. Additionally, each time, Plaintiff presented a doctor's note to Defendants.

11.   On or around April 20, 2019, Thaden gave Plaintiff a final written warning and demanded that Plaintiff sign it in his presence; he was accompanied by the Pharmacy Manager, Vi. Plaintiff was placed on this final warning simply because "she had too many unexcused absences / "because of all the times she called out." Under pressure/duress, Plaintiff signed it but hand-wrote in her objection at the bottom, stating that she felt her absences should not be considered "unexcused" if she was absent due to medical problems and had doctor's notes. Plaintiff was provided with a copy of the unsigned version, but not a copy with her objection/rebuttal.

12.   Notably, within the written warning, Defendants stated, "Meanwhile Thaden go

3
COMPLAINT

over company resource FMLA and provided her a Request for Leave form and Health Care Providers' Statement. Prior, Carolina told us she had medical condition."

13. Because of her ongoing disability (and Defendants continuing to discipline Plaintiff for medical related absences), Plaintiff applied for protected intermittent medical leave under the Family Medical Leave Act on or about April 30, 2019. On or about May 13, 2019, Defendants denied Plaintiff's request leave request because she had not worked 1250 hours in the most recent 52-week period.

14. Because of Thaden's retaliation, Plaintiff attempted to "stick it out" and stay at work whenever her medical problem would re-occur, until it got too overwhelming and she had to see a doctor.

15. On or around May 21, 2019 Plaintiff went to the emergency room. On or around May 24, 2019, Plaintiff called out, and was immediately terminated over the phone, with Thaden telling her: "That's your last call-out. You don't have to show up any more. You can come in to pick up your check on Monday."

16. When Plaintiff physically returned to the store to pick up her final paycheck that following Monday, Thaden simply reached into their cash register, pulled out $147 in cash and handed it to Plaintiff, saying it was her final pay. He did not provide any sort of paystub or itemized wage statement, or any other paperwork other than a "notice to employee regarding change in relationship" form (dated May 24, 2019).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received and served the right-to-sue letter regarding her claims.

## FIRST CAUSE OF ACTION

**DISABILITY DISCRIMINATION IN VIOLATION OF CAL. GOV'T CODE § 12940(A)**

(Against All Defendants)

18. Plaintiff realleges and incorporates herein paragraphs 1 through 17 of this complaint as though fully set forth.

19. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940(a), was in full force and effect and binding on Defendants. These statutes required Defendants to refrain from discriminating and/or harassing against any employee on the basis of a physical and/or mental disability.

20. Plaintiff suffered from a disability as defined by FEHA and as discussed above. Despite this, Plaintiff was able to perform the essential functions of her employment position with Defendants both with and without reasonable accommodation.

21. Plaintiff believes and thereon alleges that her disabilities were a motivating and substantial factor in Defendants' termination of Plaintiff's employment.

22. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.

23. As a direct and proximate cause of Plaintiff's wrongful conduct, Plaintiff suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and loss of earnings. Plaintiff is therefore entitled to general and compensatory damages.

24. Defendants' conduct as described above was willful, despicable, knowing, and intentional and Defendants, through their officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of other Defendants. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

25. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code and other applicable law.

**SECOND CAUSE OF ACTION**

**PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF CAL. GOV'T CODE § 12940(A);**

**(Against All Defendants)**

26. Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

27. At all times herein mentioned, California Government Code section 12940(a), was in full force and effect and binding on Defendants. These statutes required Defendants to refrain from discriminating and/or harassing against any employee that they perceive as having a physical and/or mental disability.

28. During Plaintiff's employment, Defendants regarded Plaintiff as disabled.

29. Plaintiff believes and thereon alleges that this perceived disability was a motivating and substantial factor in Defendants' termination of Plaintiff's employment.

30. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

31. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

32. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code.

33. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned

6
COMPLAINT

Exhibit 1, Page 14

and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF CAL. GOV'T CODE §§ 12940 ET SEQ.
### (Against All Defendants)

34. Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

35. At all relevant times herein and in violation of sections 12940 *et seq.* of the California Government Code, Defendants retaliated against Plaintiff by adversely affecting Plaintiff's employment and terminating her after Defendants became aware of her disabilities and/or request for a reasonable accommodation (time off and/or medical leave).

36. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

37. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

38. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code and applicable law.

39. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

## FOURTH CAUSE OF ACTION
## CFRA RIGHTS RETALIATION
### [Against all Defendants]

40. Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

41. Plaintiff requested a medical leave of absence in 2019. Defendants denied Plaintiff's request to take a leave of absence. Shortly after denying Plaintiff's request to take a leave of absence, Defendants terminated Plaintiff's employment.

42. According to section 12945.2(l)(1) of the California Government Code, "[i]t shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because" of an "individual's exercise of the right to family care and medical leave."

43. At all relevant times herein, Defendants and each of them, retaliated and discriminated against Plaintiff after she exercised her right to take time off for a medical leave by terminating her employment. Defendants' conduct as alleged above constituted unlawful retaliation.

44. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

45. As a proximate result of the wrongful acts of Defendants, and each of them,

Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

46. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code.

## FIFTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION

### (Against All Defendants)

47. Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

48. At all times mentioned in this Complaint, section 12940(k) of the California Government Code was in full force and effect and was binding on Defendants. This subsection requires Defendants to take all reasonable steps necessary to prevent harassment, retaliation and discrimination from occurring. As alleged above, Defendants violated this subsection by failing to take all reasonable steps necessary to prevent harassment, retaliation and discrimination from occurring in violation of the aforesaid laws.

49. Among other things, Defendants failed to affirmatively prevent discrimination by its employees, failed to express strong disapproval of discrimination, failed to develop appropriate sanctions, failed to inform employees how to raise and pursue their legal rights to be free from harassment and/or discrimination, failed to sensitize all concerned, failed to distribute or post information about the anti-harassment laws, and failed to investigate ongoing harassment and/or discrimination.

50. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary

and benefits, all in an amount subject to proof at the time of trial.

51. As a direct and proximate cause of Plaintiff's wrongful conduct, Plaintiff suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and loss of earnings. Plaintiff is therefore entitled to general and compensatory damages.

52. Defendants' conduct as described above was willful, despicable, knowing, and intentional and Defendants, through their officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of other Defendants. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

53. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code and other applicable law.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against All Defendants)**

54. Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

55. At all relevant times mentioned herein, there existed an employer-employee relationship between Plaintiff and Defendants.

56. Plaintiff is informed and believes, and based thereon alleges, that Defendants wrongfully terminated and engaged in adverse employment actions against Plaintiff because of her disability and perceived disability, and/or her protected requested for a medical leave, and/or her protected request for a reasonable accommodation (medical leave).

57. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code sections 12940 *et seq.*, is to prohibit employers from discriminating, terminating, harassing and retaliating against any individual on the

basis of disability and/or perceived disability and/or requests for medical leaves and/or requests for reasonable accommodations. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code sections 12940 *et seq.*, and the laws and regulations promulgated thereunder.

58. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.

59. As a direct and proximate cause of Plaintiff's wrongful conduct, Plaintiff suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and loss of earnings. Plaintiff is therefore entitled to general and compensatory damages.

60. Defendants' conduct as described above was willful, despicable, knowing, and intentional and Defendants, through their officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of other Defendants. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## SEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (Against All Defendants)

61. Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

62. California Government Code section 12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status,

11
COMPLAINT

> sex, gender, gender identity, gender expression, age, or sexual orientation.
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.
>
> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.
>
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.
>
> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

63. California Government Code section 12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

64. Moreover, California Government Code section 12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

65. An actual controversy has arisen and now exists between Plaintiff and Defendants

concerning their respective rights and duties as it is believed that Defendants may allege that Plaintiff's termination was based on a non-discriminatory, legitimate reason and Plaintiff's disability and/or protected request for medical leave were not a substantial motivating factor for the decision to terminate or any factor whatsoever. Plaintiff contends that the reason given by Defendants was a pretext to mask its true reason(s) for terminating her. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contention and shall assert its reason was non-discriminatory and legitimate.

66. Pursuant to Code of Civil Procedure section 1060, Plaintiff desires a judicial determination of her rights and duties, and a declaration that her protected status was a substantial motivating factor in the decision to terminate her.

67. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for himself and on behalf of employees of the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices. *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

68. A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of its obligations under the law to not engage in discriminatory practices and violate the law.

69. California Government Code section 12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs. "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose redressing, preventing, or deterring discrimination.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants, and each of them:

1. For lost income and other economic damages on all causes of action in an amount

1  according to proof at the time of trial;

2.    For emotional distress damages on all causes of action that allow for such a recovery;

3.    For compensatory, general, economic, and non-economic damages;

4.    For punitive damages in an amount according to proof at the time of trial on all causes of action that allow for such a recovery;

5.    For attorneys' fees on all causes of action that allow for such a recovery;

6.    For prejudgment interest on all causes of action that allow for such a recovery;

7.    For costs of suit incurred herein;

8.    Injunctive relief to restrain Employers from engaging in further discrimination, and to order Employers to take all reasonable steps to prevent discrimination from occurring, and to promptly investigate claims of discrimination; and

9.    For such other relief as may be just and proper.

DATED: January 21, 2020    HURWITZ, ORIHUELA & HAYES, LLP

By: _____
Douglas B. Hayes
Attorneys for Plaintiff Carolina Sandoval

## REQUEST FOR TRIAL BY JURY

The Plaintiff respectfully requests a trial by jury.

DATED: January 21, 2020    HURWITZ, ORIHUELA & HAYES, LLP

By: _____
Douglas B. Hayes
Attorneys for Plaintiff Carolina Sandoval

14
COMPLAINT